UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-8715-DMG (MARx)** | Date | February 2, 2023 |
|---|---|---|---|
| Title | *Catharine Keene v. Penske Truck Leasing Co. LP., et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [31]**

This matter is before the Court on Plaintiff Catharine Keene's Motion to Remand ("MTR"). [Doc. # 31.] The MTR is fully briefed. [Doc. ## 41 ("Opp."), 15 ("Reply").] For the reasons set forth below, the Court **DENIES** the MTR.

**I.
BACKGROUND**

On October 18, 2022, Plaintiff Catharine Keene filed a Complaint in the Santa Barbara County Superior Court against Defendants Penske Truck Leasing Co. LP ("Penske"), Lisa Taylor, and Does 1–25. Compl. [Doc. # 1-1.] Keene is a former employee of Penske who took a leave of absence and worked on a reduced schedule after undergoing "surgery to remove tumors in her head." Compl. ¶ 17. Thereafter, Keene and Penske had a series of disputes about her requested accommodations. *Id.* ¶¶ 18–24. The Complaint asserts various claims for disability discrimination and retaliation against Penske after her leave of absence, and wage claims against Penske and Taylor. Compl. ¶¶ 27–140.

On November 30, 2022, Penske removed the action, asserting that this Court has diversity jurisdiction because Taylor, a citizen of California, is a sham defendant and without her there is complete diversity between Keene, a citizen of California, and Penske, a citizen of Delaware and Pennsylvania. Ntc. of Removal at 2 [Doc. # 1 ("Ntc.")].[1] The parties do not dispute that the amount-in-controversy exceeds $75,000, nor that Penske is a diverse defendant. Ntc. ¶ 5; MTR at 5, 9.

Keene now moves to remand, arguing that Taylor is not a sham defendant, and so the parties are not diverse. *See* MTR at 9–10.

---

[1] All page numbers herein refer to those inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-8715-DMG (MARx)** | Date | February 2, 2023 |
| Title | *Catharine Keene v. Penske Truck Leasing Co. LP., et al.* | Page | 2 of 4 |

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (internal citations omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

"[T]here is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Yet, fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

A removing defendant must "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and "that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *see also Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

## III.
## DISCUSSION

The Complaint, on its face, alleges that Taylor is a "managing agent" of Penske such that she could be subject to individual liability under California Labor Code section 558.1. Compl. ¶ 16. In support of her Motion, Keene submits a declaration describing the nature of Keene's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-8715-DMG (MARx) | Date | February 2, 2023 |
|---|---|---|---|
| Title | *Catharine Keene v. Penske Truck Leasing Co. LP., et al.* | Page | 3 of 4 |

supervision of her role at Penske. *See* Decl. of Catharine Keene ISO MTR ¶¶ 5–8 [Doc. # 31-2 ("Keene Decl.")].[2]

In its Opposition, Penske argues that Keene cannot state a claim against Taylor because Taylor "was not an owner, director or officer" of Penske, and in her role as District Finance Manager she did not have any "responsibilities in setting policies and procedures" for Penske. Ntc. ¶¶ 8–10. In support of Penske's Notice of Removal, Taylor submitted a declaration detailing her duties, her chain of command, and her lack of authority to hire and fire employees or set wages. Decl. of Lisa Taylor in Support of ("ISO") Penske's Notice of Removal ¶¶ 1–6 [Doc. # 1-5 ("First Taylor Decl.")]. She also submitted a declaration in support of Penske's Opposition contradicting some of Keene's allegations and alleging that her duties are solely administerial and not discretionary in any way. *See* Decl. of Lisa Taylor ISO Def.'s MTR Opp. ¶¶ 2–3 [Doc. # 41-1 ("Second Taylor Decl.")].

Determination of whether an individual can be liable under section 558.1 for Labor Code violations is a fact-specific inquiry. It turns on the nature of Taylor's role at the company, and whether she had "some oversight of the company's operations or some influence on corporate policy that resulted in Labor Code violations." *Espinoza v. Hepta Run, Inc.*, 74 Cal. App. 5th 44, 59 (2022); *Usher v. White*, 64 Cal. App. 5th 883, 897 (2021).

Section 558.1 explicitly borrows the term "managing agent" from its use in section 3294(b) of the California Civil Code. Cal. Lab. Code § 558.1(b). Caselaw interpreting that term in the context of section 3294(b) is therefore relevant to its meaning under section 558.1. In that context, the California Supreme Court puts weight on the existence of "substantial discretionary authority over vital aspects" of a business, *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 577 (1999), even when the manager at issue did not have hiring and firing authority. "The determination whether employees [are managing agents] does not hinge solely on their level or position in the corporate hierarchy." *Hobbs v. Bateman Eichler, Hill Richards, Inc.*, 164 Cal. App. 3d 174, 193 (1985) (citation omitted); *see also* [*Espinoza*, 74 Cal. App. 5th at 59] (holding individual liable under section 558.1 when that individual did not "author[] the challenged employment policies or specifically approve[] their implementation" but "had some oversight of the company's operations or some influence on corporate policy that resulted in Labor Code violations.").

Keene's declaration describes an alleged pattern of Taylor's discretionary implementation of Penske's overtime and meal break policies. Keene Decl. ¶¶ 7–8. The First Taylor Declaration

---

[2] The Court has reviewed Penske's evidentiary objections. [Doc. # 41-2.] To the extent the Court does not address any of them, it is because the Court did not rely on the objected-to evidence in reaching its ruling. Any objections to such evidence are **OVERRULED as moot**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-8715-DMG (MARx) | Date | February 2, 2023 |
|---|---|---|---|
| Title | Catharine Keene v. Penske Truck Leasing Co. LP., et al. | Page | 4 of 4 |

states generally that she does not have responsibilities in setting policies and procedures for Penske. First Taylor Declaration ¶¶ 1–6. The Second Taylor Declaration denies Keene's statements and reiterates that she "do[es] not have discretionary decision-making authority over" her management of Keene's timekeeping records or "whether or how to investigate a human resource issue or any timekeeping or wage hour [sic] issues, including those pertaining to Plaintiff." Second Taylor Decl. ¶¶ 10, 15; *see also White*, 21 Cal. 4th at 577. Penske also submits evidentiary objections to Keene's declaration, including a somewhat global objection that Keene lacks personal knowledge for some of the statements in her declaration such as the extent of Taylor's duties in her position. [Doc. # 41-2.] The Court **SUSTAINS** these objections with respect to Keene's description of Taylor's general job duties for lack of foundation and personal knowledge. *See Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1201 (C.D. Cal. 2007) (describing personal knowledge evidentiary requirement); Fed. R. Evid. 602.

None of Keene's allegations, nor the admissible statements in her declaration within her personal knowledge, describe discretionary actions taken by Taylor in her position. Thus, on this record, there is inadequate evidence to demonstrate that Taylor is a "managing agent" of Penske. The Court concludes that Penske has met its "heavy burden," at this juncture, to show that Keene has failed to state a claim against Taylor and she is a sham defendant. *See Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016). Should the facts as the Court understands them be contradicted during the course of discovery, the issue of subject matter jurisdiction may be raised at any time in these proceedings. *See* Fed. R. Civ. P. 12(h)(3).

## V.
## CONCLUSION

In light of the foregoing, Keene's MTR is **DENIED**. The February 3, 2023 hearing is **VACATED**.

**IT IS SO ORDERED.**